**EXHIBIT A**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 06 2014

Sherri R. Carter, Executive Officer/Clerk
By_____Deputy
Bree Hightower

1  MICHELLE B. BAKER, State Bar # 199130
   ELIZABETH D. BECKMAN, State Bar #261274
2  KRAMER, DEBOER & KEANE
   A Limited Liability Partnership
3  Including Professional Corporations
   4370 La Jolla Village Drive, Suite 400
4  San Diego, California 92122
   Telephone: 858-452-0093
5  Facsimile: 858-750-1049
   mbaker@kdeklaw.com
6  ebeckman@kdeklaw.com

7  Attorneys for Plaintiff, EYERUSALEM GIRMA

8

9

                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
           FOR THE COUNTY OF LOS ANGELES – NORTH CENTRAL DISTRICT
11

12

13  EYERUSALEM GIRMA, an individual,          CASE NO.: **EC 062801**

            Plaintiff,                         Case Filed:
14
        v.                                     **COMPLAINT FOR DAMAGES FOR:**
15
    UNIVERSAL CITY STUDIOS                     1. Failure to Pay Wages/Overtime
16  PRODUCTIONS, LLLP, a California limited       (Violation of *Labor Code* § 1194)
    liability limited partnership; and DOES 1  2. Waiting Time Penalties Pursuant to
17  through 10, inclusive,                        *Labor Code* § 203
                                               3. Violation of *Business & Professions*
18          Defendants.                           *Code* § 17200
                                               4. Violation of *Labor Code* § 226 -
19                                                Failure to Itemize Wage Statements
                                               5. Wrongful Termination in Violation of
20                                                Public Policy
                                               6. Failure to Provide Rest Periods or Pay
21                                                One Hour of Additional Wages in Lieu
                                                  Thereof
22

23          COMES NOW Plaintiff EYERUSALEM GIRMA (hereafter "Girma" or "Plaintiff") and

24  brings this action against all defendants. Plaintiff is informed and believes, and on such information

25  and belief, alleges the following:

26  / / /

27  / / /

28

## GENERAL ALLEGATIONS

### (Parties)

1. Plaintiff is, and at all times mentioned herein was, an individual residing in the County of Los Angeles, State of California.

2. Defendant Universal City Studios, LLLC (hereinafter "Defendant") is and, at all times mentioned herein was, a California limited liability limited partnership doing business in the County of Los Angeles, State of California.

3. Plaintiff does not know the true names of defendants DOES 1 through 10, inclusive, and therefore sue them by those fictitious names. The names, capacities, and relationships of defendants named as DOES 1 through 10 will be alleged by amendment to this complaint when they are known.

4. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as alleged herein, were proximately caused by such Defendants.

### (Factual Summary)

5. Plaintiff was employed by Defendant from 2002 to March 31, 2013, first as a waitress, and then as a captain where she catered events.

6. Defendant agreed to pay Plaintiff on an hourly basis of $25.00.

7. Plaintiff, at all times pertinent hereto, was a non-exempt employee within the meaning of the California *Labor Code*, and the implementing rules and regulations of the Industrial Welfare Committee ("IWC") California Wage Orders.

8. As a non-exempt employee, Plaintiff was regularly required by Defendant to work over eight (8) hours per day or forty (40) per week without being provided premium overtime pay rates.

9. Defendant's requirement that Plaintiff work over eight (8) hours per day and/or forty (40) hours per week without the proper overtime compensation was willful and deliberate.

10. During that time, Plaintiff was also denied lunch breaks.

KRAMER, DeBOER & KEANE
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
4370 LA JOLLA VILLAGE DRIVE, SUITE 400
SAN DIEGO, CA 92122
TELEPHONE (858) 453-0093

11.   In addition, throughout Plaintiff's employment with Defendant, Defendant had a policy and practice of reducing the hours worked by Plaintiff on Plaintiff's time reports.

12.   As a result of Defendant's policy and practice of altering Plaintiff's time reports, Defendant failed to pay Plaintiff for all of the hours that Plaintiff worked.

13.   During Plaintiff's employment with Defendant, Defendant also had a practice of furnishing Plaintiff with wage statements that failed to correctly state the number of hours worked by Plaintiff.

14.   Defendant also willfully failed to pay Plaintiff's wages and overtime compensation when Plaintiff's employment was terminated.

15.   When Plaintiff raised the fact that she was not being paid overtime with the catering manager, Ken Karsten, she was thereafter micro-managed, denied benefits such as extra food which was given out to other employees working catering events, and generally harassed. Her work environment became so demeaning and intolerable that no reasonable person would have continued working in such a retaliatory working environment. Consequently, Plaintiff was constructively discharged on or about March 31, 2013.

## FIRST CAUSE OF ACTION

*FAILURE TO PAY WAGES / OVERTIME (VIOLATION OF Labor Code § 1194)*

**(By Plaintiff against All Defendants)**

16.   Plaintiff incorporates the above paragraphs as though fully set forth herein.

17.   Defendant agreed to pay Plaintiff at the rate of $25.00 per month.

18.   It was Defendant's policy to require Plaintiff to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating Plaintiff at the rate of time of one and one-half (1½). In engaging in such conduct, Defendant wilfully violated the provisions of California *Labor Code* § 1194.

19.   As previously alleged, Plaintiff was forced to work on a regular and consistent basis, more than eight (8) hours a day and/or forty (40) hours per week. Plaintiff was not compensated for said work at premium rates as required by California *Labor Code* § 1194.

20. In addition, at all times herein mentioned, California *Labor Code* § 216 was in full force and effect and binding upon Defendant. Said statute makes it a misdemeanor for an employer to willfully refuse "to pay wages due and payable after demand has been made" or to falsely deny the validity of said wages with the "intent to annoy, harass, oppress, hinder, delay, or defraud" the person to whom the wages are due.

21. While employed with Defendant, Plaintiff would clock in and out each time she began and ended a work shift, respectively.

22. Defendant had a policy and practice of reducing the hours worked by Plaintiff on Plaintiff's time reports. As a result of this policy and practice, Defendant failed to properly compensate Plaintiff for certain regular hours and/or certain overtime hours she worked.

23. Defendant's actions in altering Plaintiff's time reports and refusal to properly compensate Plaintiff were motivated by intentions prohibited by the California *Labor Code*.

24. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of wages and/or overtime in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to *Labor Code* §§ 1194 and 218.5.

## SECOND CAUSE OF ACTION

*WAITING TIME PENALTIES PURSUANT TO LABOR CODE § 203*

**(By Plaintiff against All Defendants)**

25. Plaintiff incorporates the above paragraphs as though fully set forth herein.

26. Plaintiff is no longer employed by Defendant.

27. At the time Plaintiff's employment ended, Defendant willfully failed to pay Plaintiff all wages owing to her, including previously unpaid wages for hours worked and overtime pay.

28. Defendant's failure to pay wages, as alleged above was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiff to penalties under California *Labor Code* § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

29. Defendant has failed to pay Plaintiff a sum certain at the time of termination and has failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of California *Labor Code* § 203, Plaintiff is entitled to penalties in the amount of Plaintiff's daily wage multiplied by thirty (30) days.

### THIRD CAUSE OF ACTION

*VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200*

**(By Plaintiff against All Defendants)**

30. Plaintiff incorporates the above paragraphs as though fully set forth herein.

31. Defendant engaged in unlawful activity prohibited by California *Business and Professions Code* §§17200, *et seq.* The actions of Defendant as alleged within this complaint constitute unlawful and unfair business practices with the meaning of California *Business and Professions Code* §§ 17200, *et seq.*

32. As described above, Defendant has engaged in the following unlawful activities:

- violation of California *Labor Code* § 206 by failing to pay, without condition and within the time set by the applicable article, all wages, or parts thereof;
- violation of California *Labor Code* § 226 by failing to provide Plaintiff with accurate wage statements;
- committing a criminal misdemeanor in violation of California *Labor Code* § 226.6 by knowingly and intentionally violating the provisions of California *Labor Code* § 226;
- violation of California *Labor Code* § 1194 by failing to pay overtime wages for all hours worked.

33. Defendant's activities also constitute unfair practices in violation of California *Business & Professions Code* §§ 17200, *et seq.* because Defendant's practices violate the above-noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff.

34. As a result of Defendant's violations of the California *Labor Code*, Plaintiff has suffered injury-in-fact and has lost money or property as a result of Defendant's practices. This

injury-in-fact and lost money or property consists of the lost wages and other restitutionary remedies provided by the *Labor Code* as detailed in this complaint and other resulting harms. A tally of these damages cannot readily be determined as the employment records are held exclusively or nearly exclusively in Defendant's control. Plaintiff is entitled to restitution, and other equitable relief against such unlawful practices.

35. As a result of its unlawful acts, Defendant has reaped and continues to reap unfair benefits and unlawful profits at the expense of Plaintiff. Defendant should be made to disgorge these ill-gotten gains and restore to Plaintiff the wrongfully withheld wages pursuant to California *Business and Professions Code* § 17203. Plaintiff is informed and believes, and thereon alleges, that Defendant is unjustly enriched through its failure to pay legal and contractual wages, and/or other remedies. Plaintiff is informed and believes, and thereon alleges, that Plaintiff is prejudiced by Defendant's unfair trade practices.

## FOURTH CAUSE OF ACTION

*VIOLATION OF CALIFORNIA LABOR CODE § 226 –*

*FAILURE TO ITEMIZE WAGE STATEMENTS*

**(By Plaintiff Against All Defendants)**

36. Plaintiff incorporates the above paragraphs as though fully set forth herein.

37. Pursuant to California *Labor Code* § 226, among other authority, an employer is required to furnish each of its, his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of

hours worked at each hourly rate by the employee.

38. In violation of said sections of the California *Labor Code*, Defendant has failed to provide properly itemized wage statements to Plaintiff.

39. The wage statements provided to Plaintiff by Defendant failed to list the amount of total hours worked by Plaintiff. Additionally, the pay stubs fail to identify the amount of overtime hours worked by Plaintiff, as well as his overtime rates of pay.

40. As a result of such violations, Plaintiff requests the maximum amount of penalties and other relief allowed by law.

### FIFTH CAUSE OF ACTION

*WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY*

**(By Plaintiff Against All Defendants)**

41. Plaintiff incorporates the above paragraphs as though fully set forth herein.

42. Plaintiff was constructively terminated by Defendant in violation of California's fundamental public policies that are in substantial part designed and intended to protect employees from retaliatory or otherwise harmful or unlawful conduct when they raise concern of violation of California Labor Laws. Defendant's termination of Plaintiff's employment for this reason is in violation of the express public policy of the state of California, including the Fair Employment and Housing Act ("FEHA"), among other regulations, laws and statutes.

43. Defendant's wrongful conduct as alleged herein was a violation of public policy. As a proximate result of Defendant's wrongful conduct, Plaintiff was forced to leave her job, resulting in a constructive discharge

44. The actions of Defendant, and each of them, as described above in this Complaint, as well as other acts, were done to Plaintiff deliberately, intentionally, and with callous disregard for Plaintiff's feelings and emotional well-being and were intended to injure Plaintiff and to cause her harm.

45. Because the above described actions, among others, were carried out and/or ratified by Defendant and/or managerial agents of Defendant in whom Plaintiff placed her justified and good

7
COMPLAINT FOR DAMAGES

faith trust, and because Defendant acted in a deliberate, malicious, callous, deceptive, oppressive, and intentional manner in order to injure and damage the Plaintiff, and/or with callous disregard for Plaintiff's rights, Plaintiff requests the assessment of punitive damages against Defendant, and each of them, in an amount deemed proper by this court.

46. As a result of Plaintiffs wrongful termination by Defendant, Plaintiff has suffered damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

*FAILURE TO PROVIDE REST PERIODS OR PAY ONE HOUR OF ADDITIONAL WAGES IN LIEU THEREOF*

**(By Plaintiff Against All Defendants)**

47. Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

48. Defendant paid Plaintiff on a salary basis – e.g. exempt from overtime, though her job duties did not qualify her as an exempt employee.

49. Plaintiff is entitled to premium pay compensation for each day that Defendant failed to properly provide one or more rest periods, or failed to provide premium pay compensation in lieu thereof. In engaging in such conduct, Defendant willfully violated the provisions of California *Labor Code* § 226.7.

50. Plaintiff is informed and believes and on that basis alleges that she did not voluntarily or willfully waive the rest periods. Any express or implied waiver obtained from Plaintiff was not willfully obtained or was not voluntarily agreed to. Defendant did not permit or authorize Plaintiff to take rest periods in accordance with applicable law.

51. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of wages in amounts to be determined at trial. Plaintiff is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to California Labo*r Code* §§ 1194 and 218.5.

///

8
COMPLAINT FOR DAMAGES

Exhibit A
000016

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. **On the First Cause of Action**

   a. For compensatory damages in an amount according to proof at trial;

   b. For any statutory penalties; and

   c. For reasonable attorneys' fees, costs incurred, as well as any other relief the court deems proper.

2. **On the Second Cause of Action**

   a. For compensatory damages in an amount according to proof at trial;

   b. For any statutory penalties; and

   c. For reasonable attorneys' fees, costs incurred, as well as any other relief the court deems proper.

3. **On the Third Cause of Action**

   a. For actual damages according to proof or as otherwise required by statute;

   b. For costs of suit and attorneys' fees pursuant to statutes;

   c. For statutorily mandated exemplary damages according to proof or as otherwise required by statute;

   d. For any the complete disgorgement of all ill-gotten gains according to proof or as otherwise required by statute; and

   e. For reasonable attorneys' fees, costs incurred, as well as any other relief the court deems proper.

4. **On the Fourth Cause of Action**

   a. For compensatory damages in an amount according to proof at trial;

   b. For any statutory penalties; and

   c. For reasonable attorneys' fees, costs incurred, as well as any other relief the court deems proper.

///

COMPLAINT FOR DAMAGES

5. On the Fifth Cause of Action
   a. For compensatory damages in an amount according to proof at trial;
   b. For punitive damages in an amount according to proof at trial;
   c. For costs of suit incurred herein; and
   d. For any other relief the court deems proper.

6. On the Sixth Cause of Action:
   a. For general and special damages in an amount to be proven at trial;
   b. For any statutory penalties; and
   c. For reasonable attorneys' fees, costs incurred, as well as any other relief the court deems proper.

DATED: August 5, 2014

KRAMER, DEBOER & KEANE

BY: _____
MICHELLE B. BAKER
ELIZABETH D. BECKMAN
Attorneys for Plaintiff, EYERUSALEM GIRMA, an individual

J:\3000SD\3025\PLEADINGS\Complaint.docx

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ELIZABETH D. BECKMAN [SBN 261274]<br>MICHELLE B. BAKER [SBN 199130]<br>KRAMER, DEBOER & KEANE<br>4370 LA JOLLA VILLAGE DRIVE, SUITE 400<br>SAN DIEGO, CA 92122<br>TELEPHONE NO.: (858) 452-0093   FAX NO.: (858) 750-1049<br>ATTORNEY FOR *(Name):* PLAINTIFF, EYERUSALEM GIRMA | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 06 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____Deputy<br>Bree Hightower |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 300 E. OLIVE AVENUE<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: BURBANK, CA 91502<br>BRANCH NAME: NORTH CENTRAL DISTRICT | |
| CASE NAME:   GIRMA v. UNIVERSAL CITY STUDIOS | |
| **CIVIL CASE COVER SHEET**   Complex Case Designation<br>[X] Unlimited   [ ] Limited   [ ] Counter   [ ] Joinder<br>(Amount        (Amount<br>demanded       demanded is   Filed with first appearance by defendant<br>exceeds $25,000) $25,000 or less)   (Cal. Rules of Court, rule 3.402) | CASE NUMBER: EC 06 2 8 0 1<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [X] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 5, 2014

ELIZABETH D. BECKMAN [SBN 261274]                    ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use                 **CIVIL CASE COVER SHEET**           Legal     Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Judicial Council of California                                                       Solutions      Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                                           ⓒ Plus

Exhibit A
000019

| SHORT TITLE: GIRMA v. UNIVERSAL CITY STUDIOS | CASE NUMBER: EC 06 2801 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 12 [ ] HOURS/ [x] DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage<br>[ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons<br>[ ] A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall)<br>[ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270 Intentional Infliction of Emotional Distress<br>[ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

Exhibit A 109
000020

SHORT TITLE: GIRMA v. UNIVERSAL CITY STUDIOS

CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)   CIVIL CASE COVER SHEET ADDENDUM   Local Rule 2.0
LASC Approved 03-04   AND STATEMENT OF LOCATION   Page 2 of 4

Exhibit A
000021

| SHORT TITLE: GIRMA v. UNIVERSAL CITY STUDIOS | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4 Exhibit A
000022

| SHORT TITLE: GIRMA v. UNIVERSAL CITY STUDIOS | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>[X] 1. [X] 2. [X] 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | ADDRESS: 100 Universal City Plaza |
|---|---|
| CITY: Universal City | STATE: CA | ZIP CODE: 91608 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the NORTH courthouse in the CENTRAL District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 5, 2014

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | Local Rule 2.0<br>Page 4 of 4 |
|---|---|---|

Exhibit A
000023